UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN MORRIS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 05-CV-402-FHM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| DEFENDANT. ) | |

### ORDER

Plaintiff, Edwin Morris, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's April 21, 2003 application for Supplemental Security Income benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held February 1, 2005. By decision dated February 15, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on May 15, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born January 12, 1968, and was 37 years old at the time of the decision. [R. 51].  He claims to have been unable to work since April 8, 2003, due to paranoid schizophrenia and depression. [R. 244, 247].  The ALJ determined that Plaintiff has severe non-exertional impairments consisting of paranoid schizophrenia and antisocial personality disorder. [R. 16].  He found that Plaintiff has moderate limitations in the abilities to understand, remember and carry out detailed instructions and to complete a normal workday and workweek without interruptions from psychologically based symptoms and a marked limitation in his ability to interact with the general public. [R. 18, 19].  The ALJ found that Plaintiff has no past relevant work. Based upon the testimony of a vocational expert (VE), the ALJ determined that a significant number of jobs exist in the economy which Plaintiff could perform despite his limitations. [R. 19, 20].  He found, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 20].  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ's step two findings are confusing, ambiguous and inconsistent, warranting reversal.[2] [Plaintiff's Brief, p. 3]. Plaintiff also contends the ALJ failed to properly evaluate the opinions of his treating physician. *Id.* For the reasons discussed below, the Court affirms the decision of the Commissioner.

### The ALJ's Decision

Plaintiff claims first that the ALJ's finding that Plaintiff does not suffer from paranoid schizophrenia is in error. [Plaintiff's brief, p. 3]. However, the ALJ's written decision reveals that the ALJ did find Plaintiff has a severe impairment of paranoid schizophrenia. [R. 16]. The Court, therefore, rejects Plaintiff's argument that the ALJ's subsequent assessment of Plaintiff's RFC was not supported by substantial evidence because he found "that Morris did not necessarily suffer from paranoid schizophrenia." [Plaintiff's brief, p. 5].

Plaintiff next alleges the ALJ's finding that Plaintiff's paranoid schizophrenia and antisocial personality disorder are severe impairments but that those impairments do not meet or medically equal the listings "[cloud] the issue" and are confusing. [Plaintiff's brief, p. 4]. Plaintiff also complains that the ALJ failed to find Plaintiff's depression a severe impairment at "Step one" (sic).

The Social Security Administration has established a five-step sequential evaluation process for determining whether a claimant is disabled. *See Williams*, 844 F.2d at 750-52 (citing 20 C.F.R. §§ 404.1520, 416.920 (1986)). If a determination can

---

[2] Counsel for Plaintiff submitted a brief which employed grammatical "shortcuts" in place of words: "&" for "and;" "¶" for "Paragraph;" and "@" for "at." While not technically improper, such symbols are distracting and their use in documents that are presented to the Court for consideration is discouraged.

be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Id.*

At step one, the Commissioner determines whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. If he is not, the decision maker must proceed to the second step. *Id.* Here, the ALJ determined that Plaintiff was not engaged in substantial gainful activity and, thus, the ALJ proceeded to the second step.

The second step of the evaluation process involves a determination of whether "the claimant has a medically severe impairment or combination of impairments." *Id.* (quoting *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987)). This determination is governed by certain "severity regulations," is based on medical factors alone, and does not include consideration of such vocational factors as age, education, and work experience. *Id.* (citing 20 C.F.R. §§ 404.1520(c), 416.920(c) (1986)). Pursuant to the severity regulations, the claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities. *Id.* at 750-51 (citing 20 C.F.R. §§ 404.1521(b), 416.921(b) (1986)). If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, the claimant is not eligible for disability benefits. *Id.* at 751. If, on the other hand, the claimant presents medical evidence and makes a *de minimis* showing of medical severity, the decision maker proceeds to step three. *Id.*

In this case, Defendant concedes that in the body of his decision the ALJ acknowledged that Plaintiff's depression resulted in restrictions in daily living activities,

4

social functioning and concentration, persistence and pace but that he assessed Plaintiff's RFC accordingly. [Defendant's brief, p. 3].  Counsel for Defendant submits that the ALJ's omission of depression as a severe impairment in his step two findings, therefore, was harmless error.  After review of the ALJ's decision, the Court agrees with Defendant.  The ALJ found that Plaintiff's depression significantly limits Plaintiff's mental ability to do basic work activities. [R. 18].  Because the ALJ included restrictions in Plaintiff's RFC to accommodate those limitations, he essentially found depression is a severe impairment. [R. 18].  Although the ALJ's written decision might have been more precise in stating this finding, the Court finds, under the circumstances of this case, that no reversible error occurred. *See Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) ("While the ALJ did not use the phrase 'I find' in connection with his conclusion in the second phase of the analysis, the form of words should not obscure the substance of what the ALJ actually did.").

Having found that Plaintiff's mental impairments satisfied the severity requirement of step two, the ALJ proceeded to step three.  At step three, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.* (citing 20 C.F.R. §§ 404.1520(d), 416.920(d) (1986); *Bowen*, 107 S.Ct. at 2291).  The function of the listings is to establish a description of impairments so severe as to constitute an automatic conclusive presumption of disability. *Id.*  The Commissioner's task, when presented with a claimant who is not working and whose impairments are severe but do not exactly coincide with or exceed the listings or their equivalents, is to determine whether the claimant has a medically determinable

5

disability to the point of being precluded, not merely from substantial gainful activity, but from any gainful activity. 42 U.S.C. § 423(d)(2)(B). It is possible for an impairment to be severe but not so severe as to meet a listing. *Hargis v. Sullivan*, 945 F.2d 1482 (10th Cir. 1991) (addressing claim when the criteria of the listings for mental disorders are not met or equaled but the impairment is nevertheless severe). With respect to the third step of the process in this case, the ALJ determined that Plaintiff's impairments are severe but not severe enough to meet or medically equal any listed impairments.

The Court finds the ALJ properly considered "the nature of Plaintiff's mental health problems" and that his analysis of the severity of Plaintiff's mental impairments comports with relevant case law, the Social Security regulations and rulings and is supported by the evidence in the record.

### Treating Physician's Opinion

A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and if it is "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir.2004). Plaintiff contends the ALJ improperly disregarded the opinion of his treating physician, Vanessa Werlla, M.D., with regard to his "mental based limitation." [Plaintiff's brief, p. 7-8]. Defendant responds that the ALJ properly weighed Dr. Werlla's opinion and that he offered specific, legitimate reasons for rejecting that opinion. [Defendant's brief, p. 5-6].

The opinion at issue is Dr. Werlla's Mental Residual Functional Capacity Questionnaire form signed on January 19, 2004. [R. 195-199]. On that checklist form,

Dr. Werlla noted she had been treating Plaintiff since April 12, 2003, one time per month. Under treatment and response, Dr. Werlla reported that Plaintiff was compliant with treatment and appears to be achieving mental health stability. [R. 194]. Under mental abilities and aptitudes needed to do unskilled work, Dr. Werlla marked "seriously limited but not precluded" for Plaintiff's ability to: carry out very short and simple instructions; maintain attention for two hour segment; perform at a consistent pace without an unreasonable number and length of rest periods; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without unduly distracting them or exhibiting behavior extremes; respond appropriately to changes in a routine work setting; be aware of normal hazards and take appropriate precautions; understand and remember detailed instructions; carry out detailed instructions; set realistic goals or make plans independently of others; and deal with stress of semiskilled and skilled work. [R. 197-198]. Dr. Werlla marked in the category of "Unable to meet competitive standards" Plaintiff's ability to remember work-like procedures; understand and remember very short and simple instructions; maintain regular attendance and be punctual within customary, usually strict tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being unduly distracted; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms; and deal with normal work stress. [R. 197]. For Plaintiff's mental abilities and aptitude needed to do particular types of jobs, Dr. Werlla marked as seriously limited but not precluded: interact appropriately with the general public; maintain socially appropriate behavior;

and travel in unfamiliar place. [R. 198]. She marked Plaintiff's ability to adhere to basic standards of neatness and cleanliness as unlimited or very good and Plaintiff's ability to use public transportation as limited but satisfactory. [R. 198]. Dr. Werlla circled: "more than four days per month" under anticipated average that Plaintiff's impairments or treatment would cause him to be absent from work. [R. 199]. Dr. Werlla also marked "no" in response to the question whether Plaintiff is a malingerer. [R. 199].

Plaintiff contends the ALJ rejected Dr. Werlla's assessment of his limited capacities without proper consideration as required by *Reyes v. Bowen*, 845 F.2d 242 (10th Cir. 1988) (Appeals Council did not give specific, legitimate reasons for rejecting either the treating physician's opinion or the ALJ's decision and offered only a conclusory statement). Plaintiff's contention is without merit.

The ALJ recognized Dr. Werlla as Plaintiff's treating psychiatrist and stated that he had considered the doctor's opinion in his determination. The ALJ also noted that the doctor's assessment was internally inconsistent. [R. 17]. In addition to Dr. Werlla's characterization of Plaintiff's condition as "achieving mental health stability" the Court notes that Dr. Werlla's checkmarks in the categories for understanding and remembering very short and simple instructions in unskilled work are more restrictive than those for understanding, remembering and carrying out detailed instructions in semiskilled and skilled work. [R. 197-198].

The ALJ compared the checklist Mental RFC report of Dr. Werlla on January 19, 2004, with the detailed reports by Michael D. Morgan, Psy.D., on July 31, 2003, and Minor Gordon, Ph.D., on October 13, 2004. [R. 16-17]. He noted that Dr. Morgan had conducted testing of Plaintiff's intellectual functions during his examination and that he suspected

8

Plaintiff of malingering. [R. 16].  Review of Dr. Morgan's report reflects the ALJ's observation was correct.  In addition to conducting an extensive psychological examination of Plaintiff, Dr. Morgan reviewed Plaintiff's past treatment records and noted inconsistencies between treatment records and Plaintiff's claims. [R. 1103-107].  Dr. Morgan also reported that he had witnessed Plaintiff and his girlfriend "laughing and joking about [Plaintiff's] performance on the exam." [R. 107].  As noted by the ALJ, Dr. Gordon also conducted extensive intellectual and functional testing of Plaintiff during his examination and reviewed the prior medical records. [R. 174-178].  Like Dr. Morgan, Dr. Gordon believed Plaintiff did not give good effort in his tests and that he was malingering. *Id.*

In contrast, the treating physician's opinion cites no clinical tests for foundation and is brief, conclusory and unsupported by the treatment notes. [R. 200, "pleasant, smiling, appr. dress, doing ok;" R. 214, "doing well," (no) depressive symptoms;  R. 215, "mood 'so so'," "affect expressive - logical," "ave intell.;"  R. 218, "better mood," "appropriate socially;" R. 219, "affect bright, pleasant"].[3]  A treating source's opinion is to be given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir.2001). It  is  error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial

---

[3] Many of the clinical notations document efforts by the staff to help Plaintiff obtain SSA disability benefits as well as clothing, food and medication assistance from other agencies.

evidence in the case record. *See Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003); SSR 96-2p, 1996 WL 374188, at *2.

The ALJ reported that he had considered the physicians' opinions and, after such review, concluded Dr. Werlla's assessment is inconsistent with the record as a whole. [R. 17-18]. It is the ALJ's province, as fact finder, to decide the appropriate weight to be given contradictory medical evidence. *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir.1987) (noting it is fact finder's responsibility to resolve genuine conflicts between opinion of treating physician and other contrary evidence). Although there are contradictory medical reports, the record does contain substantial evidence supporting the ALJ's decision denying benefits. *See Glenn v. Shalala*, 21 F.3d 983, 987-88 (10th Cir.1994) (despite existence of evidence contrary to ALJ's finding, appellate court must affirm if, "considering the record as a whole, including whatever fairly detracts from the findings, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion" (citation, further quotation omitted)).

Dr. Werlla's opinion was conclusory, outweighed by the other medical evidence in the record, and properly rejected by the ALJ. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) ("Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."). Despite Plaintiff's urging, the Court cannot reweigh the evidence. *Id*. Substantial evidence in the record supports the ALJ's decision to accord less than controlling weight to the referenced portion of Dr. Werlla's opinion. The reasons given by the ALJ for not according Dr. Werlla's opinion full weight are all sufficiently specific and legitimate reasons and are supported by the record. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir.2002).

## Conclusion

The ALJ's decision demonstrates that he properly considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform a significant number of jobs in the economy despite his impairments. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 31st day of August, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE